UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID F. PETRANO,** and
**MARY KATHERINE DAY-PETRANO,**

　　Plaintiffs,
vs.　　　　　　　　　　　　　　　　　　**Case No. 8:04-CV-2534-T-27EAJ**

**THE VESSEL MISTRESS, ET AL.,**

　　Defendants.
_____ /

## ORDER

Before the court is Defendant Mistress's **Motion to Dissolve Arrest for Failure to Pay Dockage Fees** (Dkt. 137), filed June 23, 2005.[1]  Plaintiff's Response in Opposition to Defendant's motion was stricken from the record due to local rules violations (See Dkts. 150, 154).  However, Plaintiffs have also filed a motion to proceed in forma pauperis in this action which is the subject of a separate order.

In its motion, Defendant contends that the court should dissolve the arrest of the Mistress because Plaintiffs have not paid $3,659.27 in dockage and custodian fees in violation of Local Rule 7.05(f)(5), M.D. Fla.[2]  Attached to Defendant's motion are

_____

[1]  The district judge has referred Defendant's motion to the undersigned.

[2]  Plaintiffs also have not recently paid the U.S. Marshals Service ("USMS") to maintain insurance on the vessel, as required by 28 U.S.C. § 1921.  According to a declaration a USMS representative filed with the court on August 9, 2005, the USMS fund for insuring the Mistress is almost depleted (Dkt. 167).  The

invoices and copies of checks Defendant Comtax International paid to dock the Mistress at Clearwater Marina for four and a half months, former custodian Captain Theron Hutto's bill for his services, and an invoice from Seatow for the cost of towing the Mistress to Clearwater Marina.

Instead of paying for these services, Plaintiffs have filed an **Expedited Motion for Leave to Proceed In Forma Pauperis, Including Vessel Custodian and Other Maintenance Fees and Memorandum of Law In Support** (Dkt. 145) together with **Affidavits of Indigency** executed by both Plaintiffs (Dkts. 146, 147), in which they seek an order from the court permitting them to proceed in this action <u>in forma pauperis</u> without fees, costs, or security "until such time as Defendants post their bond to fully secure Plaintiffs' meritorious salvage claim" and then to have any necessary and authorized costs and expenses deducted from that bond or disallowed altogether as sanctions for "Theron Hutto's false-testimony." (Dkt. 145 at 9-10)[3]

---

representative stated that she has informed Plaintiffs that the USMS needs at least $1,000.00 to maintain insurance on the vessel.

[3] As a result of Plaintiff's failure to pay substitute custodian and dockage fees accrued since the arrest of the vessel, Defendant has paid these amounts. Only a small portion of the amount due represents monies owed Theron Hutto. The court finds unpersuasive Plaintiffs' claim that they should be excused from paying these amounts due to Hutto's admitted false testimony in an evidentiary hearing in this case. His testimony has been stricken and there is no credible evidence that any Defendant or their counsel was involved in that misconduct. Requiring Defendant to absorb the cost of substitute custodian is not appropriate under the circumstances.

Upon consideration of the arguments presented, the court finds that the motion of defendant is well-founded.  Plaintiffs are obligated to pay not only Defendant, but also the U.S. Marshal, the necessary fees related to arresting and safekeeping the arrested vessel, including past and future custodian and dockage fees and the cost of insuring the vessel.  See 28 U.S.C. § 1921.

Plaintiffs were able to fund the fees of the U.S. Marshal ($2500) to arrest the vessel. (Dkt. 174)[4]  That deposit fee included a certain amount for insurance.  (Id.)  The deposit has been used by the USMS to pay insurance on the vessel; as of August 26, 2005 the remaining deposit balance was $150.15 which is insufficient to pay the insurance for August.  (Id.)  Plaintiff David Petrano was advised of this fact by USMS letter dated August 10, 2005 and was told to pay $1000 to the USMS for an insurance deposit no later than August 31, 2005. (Id.)[5]  That amount remains unpaid as of this date.

As explained in this court's separate order denying Plaintiff's Expedited Motion to Proceed In Forma Pauperis, Plaintiffs' alleged indigence does not relieve them of their duty as private litigants to pay the USMS and other necessary fees, including fees for the

---

[4] This memorandum dated August 29, 2005 from USMS Forfeiture Specialist Marg Gibbs has been filed with the court.

[5] See Rule 7.05(f)(3), M.D. Fla. Local Rules (until the property arrested has been released or otherwise disposed of the Marshal may require from the party causing the arrest of the vessel to post such additional deposits as the Marshal determines necessary to cover any additional estimated fees or expenses).

substitute custodian and dockage fees associated with arresting and safekeeping the vessel. See, e.g., Araya v. McLelland, 525 F.2d 1194, 1195 (5th Cir. 1976) (holding that expenses such as insurance incurred in connection with safekeeping an attached vessel are not payable from public funds and that an individual U.S. Marshal cannot be expected to incur such expenses personally); Lindsey v. Solutions Exchange, Inc., 178 B.R. 895, 901 (N.D. Ga. 1995) (finding that the plain language of 28 U.S.C. § 1921(a)(2) requires marshals to collect deposits from all litigants, including in forma pauperis litigants, to cover expenses described in 28 U.S.C. § 1921(a)(1)(E), such as the costs of storing and moving property and insurance); Shultz v. M/V Elinor, 819 F.Supp. 1068, 1069 (S.D. Fla. 1993) (granting substitute custodian's motion to vacate arrest of vessel and ordering plaintiff proceeding under 28 U.S.C. § 1916, which permits seamen to bring suit to recover wages "without prepaying fees or costs or furnishing security therefor", to pay all custodial and dockage fees).

### Conclusion

Accordingly, it is ordered that ruling on Defendant's **Motion to Dissolve Arrest for Failure to Pay Dockage Fees** is deferred only to allow Plaintiffs one final opportunity to meet their outstanding financial obligations regarding the arrested vessel:

(1)  On or before September 1, 2005, Plaintiffs shall pay the USMS the sum of $400.00 for insurance and shall pay in full the balance

of the deposit due the USMS - $600.00 no later than September 8, 2005;

(2) Additionally, no later than September 21, 2005, Plaintiffs shall pay the amount listed in Defendant's motion and due and owing to Defendant Comtex for past dockage, towing and substitute custodian fees cited in the motion to vacate: $3,659.27. Within 10 days of this order, Defendant shall notify Plaintiffs of any additional amounts advanced for the safekeeping of the vessel since the filing of the motion to vacate and shall file a supplement to its motion if the parties are unable to agree as to any additional amounts due;

(3) If Plaintiffs fail to comply with this order, the court will have no alternative but vacate the arrest of the vessel; and

(4) The Clerk of Court shall also notify Plaintiffs of the terms of this order by telephone and email as Plaintiffs have not provided a fax number to the court.

**DONE** and **ORDERED** in Tampa, Florida on this 30th day of August, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

5