**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID F. PETRANO and MARY**
**KATHERINE DAY-PETRANO**,

    Plaintiffs,

vs.                                                   **Case No. 8:04-CV-2534-T-27EAJ**

**THE VESSEL MISTRESS, ET AL.**,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the court for consideration of Defendant Mistress' **Motion to Dissolve Arrest for Failure to Pay Dockage Fees** (Dkt. 137), filed June 23, 2005.[1] The undersigned deferred ruling on the motion in an order dated August 30, 2005.[2] (Dkt. 177). The August 30, 2005 order allowed Plaintiffs a final limited opportunity to pay dockage fees owed to Defendant Comtax. (Dkt. 177 at 5). The order also gave Defendant the opportunity to supplement its motion with additional fees incurred and specified that if Plaintiffs did not comply by paying the fees owed, the court would have no alternative but to vacate the arrest of the vessel. Id. On September 13, 2005, Defendant notified Plaintiffs of an additional $7,253.14 in dockage, shifting, and maintenance fees. (Dkt. 212, Attachment). The undersigned now revisits Defendant's Motion to Dissolve Arrest to consider Plaintiffs' actions in light of the court's August 30, 2005 order.

Plaintiffs apparently have not complied with the order, as Defendant Mistress has since filed

---

[1] The district judge has referred Defendant's motion to the undersigned.

[2] Plaintiffs' motion to proceed in forma pauperis (Dkt. 145) was denied in a separate order also issued on August 30, 2005. (Dkt. 178).

a separate Motion to Dissolve Arrest for Failure to Abide by Court Order of August 30, 2005.[3] (Dkt. 212). Plaintiffs filed a response to this motion on October 25, 2005.[4] (Dkt. 229).

As private litigants and the parties seeking to arrest the vessel, Plaintiffs are obligated to pay the necessary fees related to arresting and safekeeping of the arrested vessel, including past and future custodian and dockage fees and the cost of insuring the vessel. See 28 U.S.C. § 1921; Donald D. Forsht Associates, Inc. v. Transamerica ICS, Inc, et al., 821 F.2d 1556, 1561 (11th Cir. 1987) (the party arresting the vessel is liable for the expense of maintaining the vessel); see also Araya v. McLelland, 525 F.2d 1194, 1195 (5th Cir. 1976).[5] A substitute custodian of an arrested vessel is entitled to payment of custodian and dockage fees by plaintiff. Scotiabank de Puerto Rico v. M/V Atuti, 326 F.Supp.2d 282, 284 (D. P.R. 2004) (citing New River Yachting Center, Inc. v. M/V Little Eagle II, 401 F.Supp. 132, 136 (S.D. Fla. 1975)).

Defendant's selection of a substitute custodian does not discharge Plaintiffs' financial responsibility for paying dockage fees or the substitute custodian's fees. See, e.g., Shultz v. M/V Elinor, 819 F.Supp. 1068, 1069 (S.D. Fla. 1993) (where there is no acceptance of financial responsibility by a claimant, appointment of a substitute custodian at claimant's request does not shift the burden of custodian and dockage fees from plaintiff to claimant). Only if the change in custody arrangements results in increased insurance premiums is the party requesting the change

---

[3]This motion is pending before the district judge and is not under consideration by the undersigned at this time.

[4]Plaintiffs filed an initial response on October 17, 2005 (Dkt. 223) and a second, different response to the same motion on October 25, 2005 (Dkt. 229). The district judge struck the first response filed. (Dkt. 233).

[5]Fifth Circuit decisions issued prior to October 1, 1981 are considered binding precedent in the Eleventh Circuit. See Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981).

liable for those additional costs. Local Rule 7.05(k)(4)(B), M.D. Fla. In this instance, there is no evidence that the change in custody resulted in increased insurance premiums.[6]

Plaintiffs have not paid the dockage fees in question despite being given numerous opportunities to do so over the course of many months. Plaintiffs do not provide any persuasive argument as to why the court should shift this responsibility, one normally accorded to plaintiffs in this type of case, to Defendants here.

It is therefore **RECOMMENDED** that:

(1)   Defendant Mistress' **Motion to Dissolve Arrest for Failure to Pay Dockage Fees** (Dkt. 137) be **GRANTED**.

**DONE AND ORDERED** in Tampa, Florida on this 9th day of February, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained

---

[6]In fact, the substitute custodian made a change in dockage locations which lowered the monthly dockage fees from $599.20 per month to $377.01 per month. (Dkt. 212, Attachment). The undersigned acknowledges that Plaintiffs have, following repeated court orders, paid the insurance premiums on the vessel. (Dkts. 177, 254, 258). They have not, however, paid the other expenses which are the subject of the instant motion.

in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a <u>de</u> <u>novo</u> determination by a District Judge. <u>See</u> 28 U.S.C. 636 (b)(1).