UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID F. PETRANO and MARY
KATHERINE DAY-PETRANO,

        Plaintiffs,

vs.                                        Case No. 8:04-CV-2534-T-27EAJ

THE VESSEL MISTRESS, JACKY
SCHRYVER, and COMTAX
INTERNATIONAL,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Amended Report and Recommendation of the Magistrate Judge ("R&R") submitted pursuant to 28 U.S.C. § 636 (Dkt. 134). The R&R addresses several motions filed by the parties, including Defendants' Motion to Dismiss Complaints of Plaintiffs, David Petrano and Mary Katherine Day-Petrano and Dissolve the Arrest of the *Mistress* (Dkt. 40)[1], Plaintiffs' Motions for Entry of Default (Dkts. 26 and 29), Plaintiffs' Motion to Strike Verified Claim of Owner (Dkt. 31), and Defendants' Motion for Extension of Time to File Claim of Owner (Dkt. 38). The Magistrate Judge recommends that the Motion to Dissolve the Arrest of the *Mistress* (Dkt. 40) be denied, Plaintiffs' Motions for Entry of Default (Dkts. 26 and 29) and Motion to Strike Verified Claim of Owner (Dkt. 31) be denied, and Defendants' Motion for Extension of Time to File Claim of Owner (Dkt. 38) be denied as moot. This Court agrees and adopts the recommendations of the Magistrate Judge.

---

[1] Defendants filed a second Motion to Dissolve (Dkt. 137), which is addressed in the Magistrate Judge's February 9, 2006 Report and Recommendation (Dkt. 260).

1

The Magistrate Judge also recommends that Defendants' Motion to Dismiss Complaints of Plaintiffs, David Petrano and Mary Katherine Day-Petrano and Dissolve the Arrest of the Vessel *Mistress* (Dkt. 40) be granted to the extent that it is recommended that Plaintiffs' complaints filed subsequent to the Amended Verified Complaint (Dkts. 15 and 19) be stricken because they were filed without leave of court. The Magistrate Judge recommends that Plaintiffs' Motion for Leave to File Amended Complaints (Dkt. 75) be granted only to the extent that Plaintiffs be permitted to include the amount claimed for the alleged marine salvage described in the Amended Verified Complaint (Dkt. 8). This Court agrees and adopts the Magistrate's R&R in this regard.

This R&R is the second rendered by the Magistrate Judge. After conducting an evidentiary hearing in January 2005, the Magistrate Judge initially recommended that the arrest of the *Mistress* be vacated (Dkt. 102). This Court adopted and approved that recommendation (Dkt. 121). Thereafter, Defense counsel disclosed that a defense witness, Theron Hutto ("Hutto"), had falsely testified about his maritime credentials (Dkt. 122). The district court's order adopting the Magistrate Judge's Report and Recommendation was promptly vacated and the matter was referred to the Magistrate Judge for further consideration (Dkt. 123).[2] The Magistrate Judge has stricken Hutto's testimony and has revisited the facts, resulting in a recommendation that the arrest of the *Mistress* be maintained.

---

[2] Based on Plaintiffs' malicious attack on defense counsel's integrity, they apparently do not appreciate that defense counsel, as an officer of the court, recognized the gravity of having perjured testimony in the record and his appropriate action in promptly disclosing Hutto's false testimony. Defense counsel's professional conduct in this regard resulted in this Court vacating its order adopting the Report and Recommendation. But for defense counsel's professional conduct, the *Mistress*' arrest likely would have been vacated. To the extent Plaintiffs desire to vilify defense counsel, perhaps they should have looked beyond their understandable outrage with Hutto's false testimony and focused on Mr. Munch's ethical conduct which furthered the interests of justice.

## Facts

Plaintiffs David F. Petrano and Mary Katherine Day-Petrano brought this action against the *in rem* Defendant, the *M/V Mistress* ("*Mistress*"), a vessel owned by *in personam* Defendants Comtax International ("Comtax") and Jacky Schryver ("Schryver"). Plaintiffs, who live on the "*Canandaigua*," a sailboat docked immediately adjacent to the *Mistress*, claim entitlement to a salvage award for services performed rescuing the *Mistress* on September 26, 2004 during Hurricane Jeanne.

Plaintiffs remained on the *Canandaigua* during Hurricane Jeanne. On the afternoon of September 26, 2004, Plaintiffs noticed that the *Mistress* was swaying in her berth and making contact with the dock shared with the *Canandaigua*. Plaintiffs were concerned about the *Mistress'* mooring lines. They believed the *Mistress* might break loose, causing damage to themselves and/or the *Canandaigua*. Plaintiffs were also concerned the *Mistress* might sink because of a partially submerged dinghy platform on the transom.

Mr. Petrano boarded the *Mistress* to inspect and secure her lines. Once on board, he noticed at least one of her lines was chafing. He thought the lines were inadequate to secure the *Mistress*. Mr. Petrano tightened the lines, changed the placement of some of the lines, and added additional lines. He placed bumpers between the *Mistress* and the dock to lessen any impact caused by the wind.

In the First Amended Complaint, Ms. Day-Petrano alleges she was "keeping vigil" on the *Canandaigua* while Mr. Petrano performed the salvage efforts. Ms. Day-Petrano testified that she participated in the salvage efforts by obtaining weather information for Mr. Petrano and handing him supplies. Plaintiffs allege it took approximately three hours to complete the salvage operation.

## Procedural History

Plaintiffs filed a Verified Complaint in Admiralty (Dkt. 1) on November 19, 2004. A First Amended Verified Complaint in Admiralty was filed on November 22, 2004 (Dkt. 8). Based on the initial filings, the Magistrate Judge granted Plaintiffs' Motion for Appointment of Substitute Custodian (Dkt. 11) and issued an Order Directing the Issuance of the Warrant of Arrest and/or Summons (Dkt. 12). The warrant of arrest was executed on December 21, 2004 (Dkt. 17). Plaintiffs then filed two Motions for Entry of Default against the *Mistress* on December 28, 2004 (Dkts. 26 and 29). Defendants' Verified Claim of Owner of the *Mistress* was filed on December 29, 2004 (Dkt. 25).[3]

On December 6, 2004, without leave of Court, Plaintiffs filed a Second Amended Complaint naming Schryver and Comtax as Defendants (Dkt. 15). On December 21, 2004, Plaintiffs filed a Third Amended Verified Complaint without leave of court (Dkt. 19). On January 6, 2005, Defendants filed a Motion to Dismiss the Complaints and to Dissolve the Arrest of the *Mistress* (Dkt. 40).

In their Motion to Dismiss and to Dissolve the Arrest, Defendants argue that Plaintiffs' Second and Third Amended Complaints must be dismissed because they were filed without leave of court pursuant to Rule 15(a), Federal Rules of Procedure. Defendants further argue that the First Amended Complaint should be dismissed because it does not comply with the local rules for salvage claims which require the amount claimed to be stated in the complaint. Defendants also argue that

---

[3] Plaintiffs' Motions for Entry of Default (Dkts. 26 and 29) and Plaintiffs' Motion to Strike Verified Claim of Owner (Dkt. 31) were based on Plaintiffs' contention that Defendants' Claim of Owner was untimely filed. The Magistrate reviewed the filings based on Rule 6(a), Federal Rules of Civil Procedure and Local Admiralty Rule 7.03(f), M.D. Fla., and correctly determined that the Claim of Owner was timely. Plaintiffs' Motions for Entry of Default (Dkts. 26 and 29) and Motion to Strike Verified Claim of Owner (Dkt. 31) are accordingly denied. Defendants' Motion for Extension of Time to File Claim of Owner (Dkt. 38) is denied as moot.

Ms. Day-Petrano's claims should be dismissed because she did not actively participate in the alleged salvage and was rather "keeping vigil." Defendants argue that Mr. Petrano's claims should also be dismissed because there is no evidence that the *Mistress* was in "peril" during the hurricane. Finally, contending that the First Amended Complaint fails to state a claim for salvage, Defendants argue that the arrest of the *Mistress* should be vacated.[4]

On January 18, 2005, the Magistrate Judge conducted an evidentiary hearing on the various motions (Dkt. 80). Closing arguments were heard on January 21, 2005 (Dkt. 91). Because of disputed facts and conflicts in the testimony, the Magistrate Judge was required to weigh the evidence, resolve conflicts in the testimony, and make credibility findings. The Magistrate Judge has reconsidered the evidence, stricken the testimony of Hutto, and recommends that the arrest of the *Mistress* be maintained.

## Standard of Review

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

After a *de novo* review, including the transcript of the proceedings conducted by the Magistrate Judge, this Court finds that the Magistrate Judge's findings of fact are not clearly erroneous, that she applied the correct legal principles, and that her conclusions of law are consistent with applicable law.

---

[4] After Defendants filed their Motion to Dismiss, Plaintiffs' filed a Motion for Leave to File Amended Complaints to include the amount claimed for the salvage and a more detailed description of Ms. Day-Petrano's role in the salvage efforts (Dkt. 52).

Defendants object to the R&R, contending that Ms. Day-Petrano's "standing vigil," as alleged in the Amended Verified Complaint, does not constitute the performance of a salvage service. Defendants cite no authority for this argument, however. Rather, Defendants point to what they contend are inconsistencies between the sworn allegations of the Amended Verified Complaints (including the Second and Third Amended Verified Complaints) and Ms. Day-Petrano's Declaration and testimony before the Magistrate Judge. In her Declaration and testimony, Ms. Day-Petrano described having assisted her husband and keeping the *Mistress* off her boat while her husband was on board the *Mistress* tending to the lines and bumpers.

To the extent Defendants contend that Ms. Day-Petrano's testimony was not credible because of the purported inconsistencies, the Magistrate Judge was entitled to observe the demeanor of the witnesses and make appropriate credibility determinations. The Magistrate Judge's factual findings and credibility determinations are supported by the record and are not clearly erroneous. Defendants' objections are accordingly overruled.

Defendants also object and contend that the testimony and evidence did not establish a marine peril. Defendants argue that "adding extra lines to a vessel in a hurricane which has remained in her berth and has not parted any lines has not been held to constitute a salvage action" (Dkt. 141, p. 4). Defendants correctly point out that the *Mistress* had not broken free of her mooring and her lines had not parted when Plaintiffs performed the alleged salvage. However, Plaintiffs testified that the *Mistress* was swaying in her berth and impacting the dock shared by the *Canandaigua*. When Mr. Petrano inspected the *Mistress*' lines, he found them beginning to chafe and inadequate in number for the hurricane conditions.

To prevail on their salvage claim, Plaintiffs must establish a marine peril, the rendering of voluntary service and success in whole or in part, or service contributing to such success. *Flagship*

6

*Marine Servs., Inc., v. Belcher Towing Co.*, 966 F.2d 602, 604 (11th Cir. 1992). The salvor's apprehension must be reasonable and the threat of danger need only be probable, not imminent. *Faneuil Advisors, Inc., v. O/S Sea Hawk*, 50 F.3d 88, 92 (1st Cir. 1995); *United States v. EX-USS Cabot/Dedalo*, 179 F. Supp. 2d 697, 709 (S.D. Tex. 2000), *rev'd on other grounds*, 279 F.3d 378 (5th Cir. 2002). The Magistrate Judge correctly applied these principles to the evidence and found, while predicting Plaintiffs' "heavy burden" at trial, that Plaintiffs' apprehension that the *Mistress* would break loose was sufficient to defeat the motion to dissolve the arrest. The Magistrate's finding has not been shown to be clearly erroneous. Defendants' objection is overruled.

Plaintiffs, despite prevailing before the Magistrate Judge, filed "Limited Objections To, and Request in All Other Respects, For Approval of the Amended R&R of the Magistrate Judge" (Dkt. 163). While Plaintiffs characterize their objections as "limited," they hardly are. Among other things, they request a second evidentiary hearing, misconstruing an Eleventh Circuit's earlier opinion as mandating one, frivolously challenge the Magistrate's authority, challenge the sufficiency of the evidence as to Schryver's standing, insinuate without any basis whatsoever that Attorney Munch knowingly presented false testimony, make a scandalous allegation that Attorney Munch and Hutto committed mail fraud, and challenge whether they had a meaningful opportunity to cross-examine witnesses. Plaintiffs allege that the Magistrate erred in finding that Defendants' claim of owner was timely. Finally, Plaintiffs contend that the hearing was unfair because "Plaintiffs were not given sufficient time, in light of their respective disabilities, to complete and file their express request for limited second evidentiary hearing to cross- examine the two Defendant witnesses, Schryver and Restall ...." (Dkt. 163, p. 5). Plaintiffs' objections are overruled.

Notwithstanding Plaintiffs' complaints about the hearing, this court finds no fault with the manner in which the Magistrate conducting the hearing. Appropriate control was exercised over the

7

presentation of the evidence. Her findings of fact are supported by the evidence and her conclusions of law are legally sound. Plaintiffs' objections are accordingly overruled.

It was within the discretion of the Magistrate Judge to control the presentation of evidence. Pursuant to Rule 611, Federal Rules of Evidence, "the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." *See also Jones v. Dugger*, 928 F.2d 1020, 1025-26 (11th Cir. 1991) (*citing Hale v. United States*, 435 F.2d 737, 752 n.22 (5th Cir. 1970), *cert. denied*, 402 U.S. 976 (1971)).

Plaintiffs' criticism that the Magistrate Judge limited the time for examining witnesses is unfounded. While the Magistrate Judge did limit Plaintiffs' examination of witnesses, it was within her discretion as an experienced jurist to do so. Plaintiffs have not shown an abuse of that discretion. Further, the Magistrate's limitation was reasonable. Plaintiffs persisted on questioning witnesses and each other on issues beyond the scope of the motions being heard. Their questioning was unnecessarily repetitive. The Magistrate Judge provided the parties ample opportunity to address the numerous issues raised in the motions and attempted to give the parties equal time. The Magistrate conducted a fair and appropriate hearing.

The Magistrate's findings of fact are supported by the record. Her conclusions of law are not clearly erroneous and the manner in which she conducting the hearing was appropriate and well within her discretion. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Dkt. 134) is adopted, confirmed, and approved in all respects and made a part of this Order for all purposes.

8

2.  Defendants' Motion to Dismiss Complaints of Plaintiffs, David Petrano and Mary Katherine Day-Petrano and Dissolve the Arrest of the *Mistress* (Dkt. 40) is **GRANTED** to the extent that Plaintiffs' Second and Third Amended Complaints (Dkts. 15 and 19) are **STRICKEN**. The Clerk is directed to remove the images (Dkts. 15 and 19) from the docket. Defendants' motion to dismiss (Dkt. 40) is otherwise **DENIED**.

3.  Plaintiffs' Motions for Entry of Default (Dkts. 26 and 29) are **DENIED**.

4.  Plaintiffs' Motion to Strike Verified Claim of Owner (Dkt. 31) is **DENIED**.

5.  Defendants' Motion for Extension of Time to File Claim of Owner (Dkt. 38) is **DENIED** as moot.[5]

6.  Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 75) is **GRANTED** to the extent that Plaintiffs are permitted to file an amended complaint *only* to include the amount claimed for the alleged salvage operation as described in the Amended Verified Complaint (Dkt. 8). Plaintiffs' amended complaint shall be filed within ten (10) days of the date of this Order.

**DONE AND ORDERED** in chambers this 20th day of April, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Plaintiffs
Counsel of Record

---

[5] Defendants' Motion for Post Arrest Hearing (Dkt. 35) is **DENIED** as moot. Likewise, Jacob J. Munch's Motion for Leave of Court to Correct his Unknowing Misstatement in Closing Argument (Dkt. 115) is **DENIED** as moot.