## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAVID F. PETRANO and MARY
KATHERINE DAY-PETRANO,**

**Plaintiffs,**

**vs.**                                          **Case No. 8:04-CV-2534-T-27EAJ**

**THE VESSEL MISTRESS, JACKY
SCHRYVER, and COMTAX
INTERNATIONAL,**

**Defendants.**

_____/

## <u>ORDER</u>

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge

("R&R") submitted pursuant to 28 U.S.C. § 636 (Dkt. 260). The Magistrate Judge recommends that

Defendant *Mistress*' Motion to Dissolve Arrest for Failure to Pay Dockage Fees (Dkt. 137) be

granted. The Magistrate Judge reasons that the arrest of the Vessel *Mistress* should be dissolved

because Plaintiffs, who were responsible for the *Mistress*' arrest, have not paid the dockage fees as

ordered by the court, notwithstanding ample opportunity to do so. Plaintiffs have filed objections

(Dkt. 275) and Defendants have filed a response (Dkt. 287). Also before the court is Defendants'

Motion to Dissolve Arrest for Failure to Abide by Court Order of August 30, 2005 (Dkt. 212) and

Plaintiffs' response (Dkt. 229).

Plaintiffs initiated the arrest of the *Mistress* by filing their Verified Complaint in Admiralty

(Dkt. 1) on November 19, 2004, asserting a maritime salvage claim as a result of their efforts to

protect the *Mistress* during Hurricane Jeanne. Plaintiffs filed their First Amended Verified

1

Complaint in Admiralty on November 22, 2004 (Dkt. 8). Based on Plaintiffs' initial filings, the Magistrate Judge granted Plaintiffs' Motion for Appointment of Substitute Custodian, appointing Plaintiffs as substitute custodians (Dkt. 11). An Order Directing the Issuance of the Warrant of Arrest and/or Summons was issued and the warrant of arrest was executed on December 21, 2004 (Dkts. 12 and 17). Thereafter, the subject of who would serve as substitute custodians was extensively litigated. Ultimately, on motion of Defendants, Larry Restall was appointed and Plaintiffs were ordered to pay insurance fees for the *Mistress* and dockage, towing and substitute custodian fees (Dkt. 254).

## Procedural History

On motion of Defendants (Dkt. 81) and after conducting a hearing, the Magistrate Judge removed Plaintiffs as substitute custodians and appointed Theron Hutto ("Hutto") on January 21, 2005 (Dkt. 90). After Hutto's false testimony concerning his maritime credentials was disclosed, Defendants' Motion for Appointment of Substitute Custodian was granted, Hutto was removed and Larry Restall was appointed as substitute custodian (Dkts. 136 and 149). On June 23, 2005, Defendants moved to have the arrest of the *Mistress* dissolved based on Plaintiffs failure to pay insurance and fees (Dkt. 137).

While recognizing that Plaintiffs' alleged indigence did not relieve them of their obligation to pay the fees attendant to the arrest and safekeeping of the *Mistress*, the Magistrate Judge deferred ruling on Defendants' motion to dissolve the arrest on two occasions "to allow Plaintiffs one final opportunity to meet their outstanding financial obligations regarding the arrested vessel" (Dkts. 139 and 177, p. 4). On August 30, 2005, the Magistrate ordered Plaintiffs to pay the U.S. Marshal for insurance fees no later than September 8, 2005 and to pay Defendant for past dockage, towing and substitute custodian fees no later than September 21, 2005 (Dkt. 177, pp. 4-5). On the same date,

2

the Magistrate instructed that "if Plaintiffs fail to comply with this order, the court will have no alternative but vacate the arrest of the vessel" (Dkt. 177, p. 5). On January 11, 2006, the Magistrate entered an Order establishing a payment schedule for additional insurance fees (Dkt. 254). Plaintiffs were expressly instructed that failure to pay the required amounts may result in release of the vessel (Dkt. 254, p. 2).

Since those orders, Plaintiffs paid $400.00 on September 1, 2005 (Dkt. 185), $600.00 on September 8, 2005 (Dkt. 191), and $455.00 on February 1, 2006 (Dkt. 259) to the U.S. Marshal for a total of $1455.00 toward insurance expenses. To date, Plaintiffs have failed to pay Defendant for past dockage, towing and substitute custodian fees as ordered on August 30, 2005.[1]

In their objections to the R&R, Plaintiffs continue to erroneously contend that their indigence relieves them of the responsibility of paying these fees. They frivolously challenge the Magistrate Judge's authority and erroneously contend that Defendants should be required to file a counter claim to the recover fees and expenses.

## Standard of Review

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

## Discussion

This Court, having reviewed the Magistrate Judge's R&R, independently examined the file and conducted a *de novo* review of those portions of the R&R objected to, finds that the R&R should

---

[1] As of October 5, 2005, the total due for dockage, towing and substitute custodian fees is $10,912.41 (Dkt. 212).

3

be adopted, confirmed, and approved in all respects. The Magistrate Judge's findings of fact are not clearly erroneous. The Magistrate applied correct legal principles and her conclusions are not contrary to law. Plaintiffs' objections are overruled.

Plaintiffs' objection to the authority of the Magistrate Judge is frivolous. The district court may "designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions inapplicable here. 28 U.S.C.§ 636(b)(1)(A). The district court may likewise "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the court proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B).

Plaintiffs are responsible for paying the necessary fees incident to the arrest and safeguarding of the vessel. 28 U.S.C. § 1921; *Donald D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556, 1561 (11th Cir. 1987). Notwithstanding their claim of indigence, 29 U.S.C. § 1915 does not relieve them of their financial responsibilities in this maritime action. They have been afforded a reasonable time within which to pay dockage, towing and substitute custodian fees. They have been placed on notice by court order that their failure to pay would result in the arrest of the *Mistress* being vacated (Dkts. 177 and 254). Their reliance on *Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629 (1924) is misplaced.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge (Dkt. 260) is adopted, confirmed, and approved in all respects and made a part of this Order for all purposes.

2.      Defendant *Mistress*' Motion to Dissolve Arrest for Failure to Pay Dockage Fees (Dkt. 137) is **GRANTED**. The U.S. Marshal shall release the Vessel *Mistress* to her owner.

4

3.    Defendants' Motion to Dissolve Arrest for Failure to Abide by Court Order of August

30, 2005 (Dkt. 212) is **DENIED** as moot.

**DONE AND ORDERED** in chambers this _20ᵗ_ day of April, 2005.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Plaintiffs
Counsel of Record
United States Marshal