**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID F. PETRANO and MARY**
**KATHERINE DAY-PETRANO**,

       Plaintiffs,

vs.                                                                      **Case No. 8:04-CV-2534-T-27EAJ**

**THE VESSEL MISTRESS, et al.,**

       Defendants.

_____ /

**REPORT AND RECOMMENDATION**

Before the court is Plaintiffs' Motion for Leave to Appeal In Forma Pauperis, filed on June

28, 2006.  (Dkt. 324).  This matter has been referred to the undersigned for consideration and

issuance of a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and

6.01(c), M.D. Fla.

    **A.  Background**

Plaintiffs bring this salvage action based on allegations that they secured and preserved the

Vessel Mistress during Hurricane Jeanne in September of 2004.  Plaintiffs sought to proceed in

forma pauperis before the district court approximately seven months after filing their complaint; the

request was denied initially and upon reconsideration.  (Dkts. 178, 291).

Plaintiffs appealed several district court orders (Dkts. 304, 305, 307, 308, 309) on April 26,

2006.[1]  Because Plaintiffs failed to seek leave to appeal in forma pauperis from the district court

before initiating this appeal, on June 30, 2006 the Eleventh Circuit Court of Appeals forwarded

---

[1]This notice of appeal is Appeal No. 06-12597 and is located at Dkt. 314.  Plaintiffs'
numerous other appeals are not implicated by the current motion for leave to appeal in forma
pauperis.

Plaintiffs' motion and accompanying affidavit to the District Judge for adjudication.  (See Dkt. 324 at 52).  In the interim, the Eleventh Circuit dismissed Plaintiffs' appeal in part, sua sponte, for lack of jurisdiction.  (Dkt. 321).  The sole matter which is proceeding out of Plaintiffs' appeal is the district court's April 24, 2006 amended order granting Defendants' motion to dissolve the arrest of the Vessel Mistress.  Id.

### B.  Legal Standards

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts."  Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted); see also Battle v. Central State Hospital, 898 F.2d 126, 127 (11th Cir. 1990).  A litigant need not be "absolutely destitute" to qualify for indigent status under § 1915.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citing Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)).  A trial court has wide discretion in determining whether to grant or deny a motion to proceed in forma pauperis.  Id. at 1306.  In civil cases for damages, as here, the court should grant the privilege of proceeding in forma pauperis "'sparingly.'"  Id. at 1306 (quoting Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975)).

In order to succeed on a motion to appeal in forma pauperis, a plaintiff must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.  See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438

(1962); Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962)).  An appeal on a matter of law is "frivolous" "where none of the legal points are arguable on their merits."  Neitzke, 490 U.S. at 325 (internal quotation and citation omitted).  Factual allegations are considered frivolous when they are "clearly baseless"; legal theories are frivolous when they are "indisputably meritless."  Battle, 898 F.2d at 129 (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

### C.  Discussion

The operative portion of Plaintiffs' appeal concerns the district court's amended order granting Defendant Mistress' motion to dissolve the arrest for Plaintiffs' failure to pay dockage fees and releasing the vessel to her owner (Dkt. 308).  The undersigned will first examine whether Plaintiffs' argument on appeal is frivolous.

Plaintiffs argue against the release of the Vessel Mistress due to Plaintiffs' failure to pay dockage fees for the vessel.  As Plaintiffs are private litigants who sought to arrest the vessel, they are responsible for paying the necessary fees related to the safekeeping of the arrested vessel, including past and future dockage fees.  See 28 U.S.C. § 1921; Donald D. Forsht Associates, Inc. v. Transamerica ICS, Inc, et al., 821 F.2d 1556, 1561 (11th Cir. 1987) (the party arresting the vessel is liable for the expense of maintaining the vessel).  When a substitute custodian is appointed, the substitute custodian is entitled to payment of dockage fees by plaintiff.[2]  Scotiabank de Puerto Rico v. M/V Atuti, 326 F.Supp.2d 282, 284 (D. P.R. 2004) (citing New River Yachting Center, Inc. v. M/V Little Eagle II, 401 F.Supp. 132, 136 (S.D. Fla. 1975)).  Plaintiffs were repeatedly warned by

---

[2]Defendant's selection of a substitute custodian does not discharge Plaintiffs' financial responsibility for paying dockage fees.  See, e.g., Shultz v. M/V Elinor, 819 F.Supp. 1068, 1069 (S.D. Fla. 1993) (where there is no acceptance of financial responsibility by a claimant, appointment of a substitute custodian at claimant's request does not shift the burden of custodian and dockage fees from plaintiff to claimant).

3

the court that if they did not meet their obligation to pay fees associated with safekeeping the vessel, including insurance, towing, and dockage fees, the arrest would be vacated and the vessel released. (Dkts. 177, 254, 260).  Plaintiffs continually failed to pay the dockage fees they owed, despite these warnings.  After Plaintiffs had refused to pay dockage fees for a period of seventeen months, the District Judge released the vessel.  Plaintiffs do not have an legal argument against this outcome that is arguable on its merits.

Further, contrary to arguments previously raised by Plaintiffs, being granted in forma pauperis status under 28 U.S.C. § 1915 does not relieve Plaintiffs of the obligation to pay dockage fees.  See Shultz v. M/V Elinor, 819 F.Supp. 1068, 1069 (S.D. Fla. 1993) (analyzing analogous provision of 28 U.S.C. § 1916); see also Barcelo v. Brown, 655 F.2d 458, 462 (1st Cir. 1981) (§ 1915 does not empower the court to order affirmative expenditure of funds, only the waiver of prepayment of the court's own costs); Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (waiver of the payment of costs under § 1915 applies only to court costs).

Upon consideration of the forgoing, the undersigned recommends that Plaintiffs' motion for leave to appeal in forma pauperis be denied because Plaintiffs' appeal is based on indisputably meritless legal theory.[3]

---

[3]As Plaintiffs have not shown the existence of a reasoned, non-frivolous legal argument, it is unnecessary to reach the question of Plaintiffs' indigence.  In the event that the District Judge finds that Plaintiffs' appeal is arguable on its merits, the undersigned recommends finding that Plaintiffs are not indigent for purposes of 28 U.S.C. § 1915.  Plaintiffs have the financial ability to vigorously pursue this and other lawsuits with a copious number of filings.  See Assaad-Faltas v. Univ. of S. Carolina, 971 F.Supp. 985, 988 (D. S.C. 1997) (volume of filings, plus access to automobile, telephone, fax, and computer indicated that plaintiff had financial resources to fund litigation and was not considered indigent under 28 U.S.C. § 1915).  Plaintiffs also have the capacity to earn income by virtue of their legal education, as Plaintiff Petrano is a licensed member of the Florida Bar and Plaintiff Day-Petrano is a law-school graduate.  See Roberts v. I-T-E Circuit Breaker Co., 316 F.Supp. 133, 134 (D. Minn. 1970) (court should consider earning capacity as part

Accordingly and upon consideration, it is **RECOMMENDED** that:

1)      Plaintiffs' Motion for Leave to Appeal In Forma Pauperis (Dkt. 324) be **DENIED**.

**Dated: July 21, 2006**

ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this

report within ten days from the date of its service shall bar an aggrieved party from attacking the

factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiffs
District Judge

---

of the in forma pauperis determination).

        In addition, the information on Plaintiffs' Affidavit accompanying their motion is
inconsistent.   For instance, Plaintiffs attest that their combined earnings last year totaled
approximately $1,050.00 and that they expect to earn between $100.00-$300.00 in the next month
through Mr. Petrano's self-employment activities. (Dkt. 324 at 1). Plaintiffs do not list income from
any other sources, including from gifts.  Id.  Yet Plaintiffs state that their combined monthly
expenses total $1,910.00.  (Dkt. 324 at 3).  It is unclear from the affidavit what resources Plaintiffs
are using to meet the monthly living expenses they claim to be paying.