## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAVID F. PETRANO, et al.,**

    **Plaintiffs,**

vs.                                                                              Case No: 8:04-CV-2534-T-27EAJ

**THE VESSEL MISTRESS**, **et al.,**

    **Defendants.**

_____/

### REPORT AND RECOMMENDATION

Before the court is **Plaintiff-Appellants' Motion for Leave to Proceed on Appeal In Forma Pauperis** (Dkt. 344), filed December 13, 2006, and **Defendants' Opposition** (Dkt. 347), filed December 27, 2006. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla. For the reasons set forth herein, the undersigned recommends that Plaintiffs' motion be denied.

Under Fed. R. App. P. 24(a)(1), a party to a district court action who seeks to appeal in forma pauperis must file a motion and an affidavit in the district court that details the party's inability to pay or to give security for fees and costs, the party's entitlement to redress, and that states the issues on appeal.[1] Further, under the in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Section 1915 also provides that a court shall dismiss

---

[1] A party permitted to proceed in forma pauperis in the district court action, however, may proceed on appeal in forma pauperis without further authorization. Fed. R. App. P. 24(a)(3). Plaintiffs have filed several in forma pauperis motions in the underlying case, all of which have been denied.

a case if it determines that the action or appeal taken in forma pauperis is frivolous or malicious, or if the allegations of poverty are untrue. 28 U.S.C. § 1915(e)(2).

This court has previously denied Plaintiffs' motions to proceed in forma pauperis and Plaintiffs' motions for reconsideration of those decisions (Dkts. 178, 291, 328, 330). The Eleventh Circuit has also denied Plaintiffs' motion for leave to proceed on appeal in forma pauperis, calling Plaintiffs' appeal frivolous (Dkts. 337, 314). Similarly, the appeal Plaintiffs attempt to take in forma pauperis here is frivolous. A frivolous claim is one that lacks an arguable basis in either law or in fact. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001) (citations omitted). If factual allegations are "clearly baseless" or the legal theories presented are "indisputably meritless," a claim is frivolous. Id.

Plaintiffs state that the court, in its most recent order denying Plaintiffs' motion to proceed in forma pauperis (Dkt. 328), incorrectly and inappropriately imputed income upon Plaintiffs (Dkt. 344 at 1). Plaintiffs also suggest that the court incorrectly imputed income to Plaintiffs due to Plaintiffs' disability impairments and overexposure to "toxic tort radio frequency" (Id. at 3). Plaintiffs' challenge to the court's previous findings is more akin to a motion for reconsideration than a motion for leave to appeal in forma pauperis; as discussed above, the court previously denied Plaintiffs' motion for reconsideration (Dkt. 330).[2]

Nonetheless, Plaintiffs' argument that the court incorrectly imputed income upon Plaintiffs and that they meet the poverty requirements to proceed in forma pauperis is meritless. The court did not deny Plaintiffs' motion for leave to appeal in forma pauperis (Dkts. 327, 328) because of the

---

[2] In adopting the undersigned's report and recommendation denying Plaintiffs' motion for leave to appeal in forma pauperis, the district judge specifically noted that Plaintiffs had not filed any objections to the undersigned's report and recommendation (Dkt. 330).

2

Plaintiffs' financial status. The court specifically denied Plaintiffs' motion as frivolous, finding that Plaintiffs' appeal was "based on indisputably meritless legal theory" (Dkt. 327 at 4). The court noted that it was not necessary to reach the question of Plaintiffs' indigence because Plaintiffs' argument was frivolous (Id. at 4, n.3). Moreover, Plaintiffs' arguments in the instant motion regarding their severe disabilities and difficulties obtaining work in the legal field are some of the same arguments that the Eleventh Circuit previously deemed frivolous (Dkts. 337, 314).

This court has previously warned Plaintiffs that continuing to file unnecessary or irrelevant pleadings and documents containing redundant, immaterial, scandalous, or impertinent material may subject them to sanctions. Plaintiffs' repeated efforts to proceed in forma pauperis have all been denied. In the instant motion, Plaintiffs' arguments are clearly a repeat of arguments that have previously been deemed frivolous and have no arguable basis in law or fact. Plaintiffs are hereby on notice that further requests to proceed in forma pauperis without a change in circumstances will subject them to sanctions if appropriate.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff-Appellants' motion for leave to proceed on appeal in forma pauperis (Dkt. 344) be **DENIED**.

**January 5, 2007.**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Court Judge