UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID F. PETRANO, and MARY
KATHERINE DAY-PETRANO,

       Plaintiffs,

v.                                         CASE NO. 8:04-CV-2534-T-27EAJ

THE VESSEL MISTRESS, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiffs' **Motion for Permission to Appeal In Forma Pauperis and Affidavit** (Dkt. 367), filed June 4, 2007. This matter has been referred to the undersigned for consideration and issuance of a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

On June 4, 2007, Plaintiffs appealed several district court orders (Dkts. 364, 361, 360, 357, 355) including the court's order granting Defendant's motion to dismiss and dismissing the case with prejudice (Dkt. 366). Because Plaintiffs failed to seek leave to appeal in forma pauperis from the district court before initiating this appeal, the Eleventh Circuit Court of Appeals forwarded Plaintiffs' motion and accompanying affidavit to this court on June 11, 2007 for adjudication (Dkt. 366 at 7).

Under Fed. R. App. P. 24(a)(1), a party to a district court action who seeks to appeal in forma pauperis must file a motion and an affidavit in the district court that details the party's inability to pay or to give security for fees and costs, the party's entitlement to redress, and that states the legal

issues on appeal.[1] In order to succeed on a motion to appeal <u>in forma pauperis</u>, a plaintiff "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." <u>See DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a); <u>Coppedge v. United States</u>, 369 U.S. 438 (1962); <u>Ragan v. Cox</u>, 305 F.2d 58 (10th Cir. 1962)). Further, under the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), a court shall dismiss a case if it determines that the action or appeal taken <u>in forma pauperis</u> is frivolous or malicious, or if the allegations of poverty are untrue. 28 U.S.C. § 1915(e)(2). A frivolous claim is one that lacks an arguable basis in either law or in fact. <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001) (citations omitted).

This court has previously denied Plaintiffs' motions to proceed <u>in forma pauperis</u> and Plaintiffs' motions for reconsideration of those decisions (Dkts. 178, 291, 328, 330, 357). The Eleventh Circuit has also denied Plaintiffs' motion for leave to proceed on appeal <u>in forma pauperis</u>, calling Plaintiffs' appeal frivolous (Dkts. 337, 314). Recently, this court again denied Plaintiffs' motion for leave to proceed on appeal <u>in forma pauperis</u>, and cautioned Plaintiffs that further requests to proceed <u>in forma pauperis</u> without a change in circumstances would subject Plaintiffs to sanctions if appropriate (Dkts. 357, 350).

Again, the arguments that Plaintiffs attempt here have no basis in law or in fact. The operative portion of Plaintiffs' notice of appeal concerns the court's final order dismissing the case;

---

[1] A party permitted to proceed <u>in forma pauperis</u> in the district court action, however, may proceed on appeal <u>in forma pauperis</u> without further authorization. Fed. R. App. P. 24(a)(3). Plaintiffs have filed numerous in forma pauperis motions in the underlying case, all of which have been denied.

however, Plaintiffs fail to articulate either the issues on appeal or any well-reasoned, grounded legal argument in support of an appealable issue (see Dkt. 366). Further, the instant motion and affidavit provide no new financial circumstances justifying relief. In a previous order denying Plaintiffs' motion to appeal in forma pauperis, this court noted that Plaintiffs are not indigent for purposes of § 1915. The court reasoned that not only was Plaintiffs' affidavit concerning their combined income inconsistent, but Plaintiffs' vigorous pursuit of this and other lawsuits with a copious number of filings and their capacity to earn income by virtue of their legal education precluded a finding of indigence under the statute (Dkts. 328, 327 n.3). Nothing in the instant motion and affidavit warrants a different conclusion for the purposes of this appeal.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)   Plaintiffs' Motion for Permission to Appeal In Forma Pauperis and Affidavit (Dkt. 367) be **DENIED**.

**Date:  July 10, 2007**

ELIZABETH A. JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiffs
District Judge